UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:07-cr-0050-LJM-DKL-1 |
| | ) | |
| CHRISTOPHER BYRANT, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the order entered by the Honorable Larry J. McKinney, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 14, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on April 2, 2014, and April 4, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 2, 2014 and April 4, 2014, defendant Christopher Bryant appeared in person with his appointed counsel, Joe Cleary. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Bryant of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Bryant questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Bryant and his counsel, who informed the court they had reviewed the Petition and that Mr. Bryant understood the violations alleged. Mr. Bryant waived further reading of the Petition.

3. The court advised Mr. Bryant of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Bryant was advised of the rights he would have at a preliminary hearing. Mr. Bryant stated that he wished to waive his right to a preliminary hearing.

4. Mr. Bryant stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Bryant executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Bryant of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the government could demonstrate to the court that the interests of justice did not require a witness to appear.

6. Mr. Bryant, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, 5, 6, 7, and 8 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| | On March 4, 2014, the offender advised the probation officer he had not been smoking marijuana; however, a drug test submitted by the offender revealed a positive result for marijuana. |
| 2 | **"The defendant shall not commit another federal, state, or local crime."** |
| 3 | **"The defendant shall not unlawfully possess a controlled substance."** |
| | As previously reported to the Court, on October 11, 2012, a search of the offender's residence was conducted. Inside the freezer at the offender's house, officers discovered 12 bags of marijuana packaged for sale. Officers also discovered a digital scale disguised as a compact disc case in the offender's kitchen. Subsequent to his arrest, officers located $680 in small bills in the defendant's jacket pocket. During an interview by Muncie police officers, the defendant admitted possessing $5,000 in cash. |
| | The offender was arrested by Muncie Police Department for Possession of Marijuana, a misdemeanor. The offender was released and charges were not filed due to his on-going cooperation activities. |
| 4 | **"The defendant shall not commit another federal, state, or local crime."** |
| 5 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
| | On February 21, 2014, the offender was arrested and pled guilty to the offense of Battery against his former girlfriend, Jodeci Gonzales, in Muncie, Indiana, City Court, case number 18H01-1310-CM-02000. He was sentenced to 12 months of probation, and required to complete anger management classes, and perform 50 hours of community service work. |
| | Mr. Bryant did not notify the probation officer of this arrest and conviction until the probation officer conducted a home visit on March 4, 2014. |
| 6 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

| | | |
|---|---|---|
| | 7 | **"The defendant shall refrain from excessive use of alchol and shall not purchase, possess, use, distribute, or administer an controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| | 8 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

> On March 4, 2014, Mr. Bryant submitted a urine sample which tested positive for marijuana and was diluted. He admitted using marijuana after being confronted about the positive test result, and stated he purposely drank an excessive amount of water in an attempt to skew the test results.
>
> On March 10, 2014, the offender submitted a urine sample which tested positive for marijuana. He admitted smoking the substance on March 9, 2014.
>
> As previously reported to the Court, on January 22, February 13, November 7, and December 16, 2013. Mr. Bryant submitted urine samples which tested positive for marijuana. He readily admitted using the substance on all occasions.

7. The court placed Mr. Bryant under oath and directly inquired of Mr. Bryant whether he admitted violations 1, 2, 3, 4, 5, 6, 7, and 8 of his supervised release set forth above. Mr. Bryant admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Bryant's criminal history category is 3.

   (c) The range of imprisonment applicable upon revocation of Mr. Blanco's supervised release, therefore, is 5-11 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties disagreed on the appropriate disposition of the Petition. The Government pointed to Mr. Bryant's repeated violations of the terms of his supervised release, including the use and sale of narcotics and his 2014 conviction for battery on his girlfriend and asserted that he is a danger to the public. The Government also asserted that the admitted

violations included lying to his probation officer, who had tried to help him. The Government also noted that Mr. Bryant's probation officer offered Mr. Bryant a modified condition of placement in a RRC, which the defendant refused. The Government sought a sentence of 36 months, which is above the guideline range of 5 to 11 months.

10. Mr. Bryant exercised his right of allocution, emphasizing his efforts to overcome his circumstances and obstacles, including his upbringing. He explained that he has thus far been unable to overcome his reliance on marijuana. With his felony conviction, he had difficulty obtaining employment. He entered Ball State University and is majoring in economics. Mr. Bryant's counsel further added that Mr. Bryant continues to assist Muncie police in investigations, that his marijuana use is a low grade violation and does not merit revocation or a lengthy sentence, and that his recent guilty plea on the battery charge was made without benefit of counsel. Counsel also emphasized the investment Mr. Bryant has made in his college education and noted that revocation will result in his receiving Fs in all his current classes and leave him with significant student loans. Upon inquiry, the court learned that Mr. Bryant is currently carrying 12 semester hours, that the semester ends at the end of April 2014, and that if he earns those hours, he will need about 21 more hours to graduate.

11. The court finds that under all these circumstances, revocation and a term within the guidelines range are warranted. Mr. Bryant has made serious efforts to improve himself through higher education, and those efforts are commendable. But his violations are repeated and began shortly following release. Most important, his assertion that he has struggled with dependence on marijuana does not merit leniency because he rebuffed his probation officer's efforts to address the problem short of revocation. His recent crime of violence is also an

important factor in the court's disposition. Given that Mr. Bryant is so close to completing the spring semester, the court will fashion a disposition that permits him to do so.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, CHRISTOPHER BRYANT, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eight (8) months, with no supervised release to follow. The defendant is to self-report upon designation of the Federal Bureau of Prisons pending the district court's action on this Report and Recommendation. Until such designation, the defendant is to remain on the current conditions of supervised release. The USPO is also directed to request that the Bureau of Prisons not make a designation until Mr. Bryant has completed his spring semester at Ball State University at the end of April 2014.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 59(b) of the Federal Rules of Criminal Procedure. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Bryant's supervised release, imposing a sentence of imprisonment

of eight (8) months, with no supervised release to follow.  The defendant is to self-report upon designation of the Federal Bureau of Prisons.  Until such designation, the defendant is to remain on the current conditions of supervised release.

IT IS SO RECOMMENDED.

Date: 04/08/2014

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal